UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **EDWARD THIBODEAUX**<br>    **LA. DOC #101655**<br>**VS.** | **CIVIL ACTION NO. 6:13-cv-3083**<br><br>**SECTION P**<br><br>**JUDGE RICHARD T. HAIK, SR.** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Edward Thibodeaux, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2254 on November 14, 2013. Petitioner attacks his 1983 conviction for second degree murder and the life sentence imposed thereon by the Fifteenth Judicial District Court, Lafayette Parish, in case numbers CR 83-549 and 46854. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed **SUCCESSIVE** and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceedings as provided by 28 U.S.C. §2244(b).

*Statement of the Case*

Petitioner was found guilty as charged of second degree murder in March 1983; thereafter he was sentenced to serve life without benefit of parole.  He timely moved for an appeal to the Third Circuit Court of Appeals, however, his attorney did not perfect the appeal by assigning error or submitting a brief so, on April 11, 1984 the Court of Appeal affirmed his conviction and sentence. *State of Louisiana v. Edward Thibodeaux*, 448 So.2d 879 (La. 1984).

His attempts to obtain post-conviction relief in the State courts were assigned Docket Number 46854 and each was unsuccessful. *See State of Louisiana ex rel. Edward Thibodeaux v. John Mouton*, 86-1056 (La. 2/21/1986), 482 So.2d 633; *State of Louisiana ex rel. Edward Thibodeaux v. State of Louisiana*, 92-1344 (La. 6/25/1993), 620 So.2d 834; *State of Louisiana v. Edward Thibodeaux*, 94-1117 (La. 8/23/1996), 678 So.2d 33; *State of Louisiana ex rel. Edward Thibodeaux v. State of Louisiana*, 98-0163 (La. 11/13/1998), 730 So.2d 454.

On March 11, 1999 he filed a pro se petition for writ of habeas corpus in this Court raising claims of (1) ineffective assistance of trial counsel for failing to challenge the selection of the grand jury foreman; (2) discrimination in the selection of the grand jury foreman; (3) ineffective assistance of counsel for failing to object when the State failed to present an opening statement and failing to object to a jury charge; and, (4) State court error in denying his post-conviction pleadings as time-barred by the provisions of La. C.Cr.P. art. 930.8. On May 6, 1999, United States Magistrate Judge Mildred E. Methvin recommended dismissal of the petition as either time-barred by the provisions of 28 U.S.C. §2244(d), or because his claims were procedurally defaulted.  On June 4, 1999 United States District Judge Tucker L. Melançon adopted the recommendation and entered a judgment of dismissal on the grounds that the petition was time-barred and because petitioner's claims were procedurally defaulted. Petitioner did not appeal. *Edward Thibodeaux v. Warden, Louisiana State Penitentiary*, Civil Action No. 6:99-cv-0440 at Doc. 1 (petition), 4(Report and Recommendation), and 5 (Judgment).

He returned to the Louisiana courts for another round of post-conviction litigation, however, his application was ultimately dismissed as time-barred by the provisions of La. C.Cr.P. art. 930.8.  *See State of Louisiana ex rel. Edward Thibodeaux v. State of Louisiana*, 2013-0789

(La. 9/27/2013), 123 So.3d 718.

He filed the instant petition on November 14, 2013; he argues ineffective assistance of appeal counsel for failing to perfect petitioner's appeal of right.

## *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits. A *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In re: Flowers*, 595 F.3d 204 (5th Cir. 2009)

Petitioner's first petition was dismissed on the merits. Petitioner now raises a claim – ineffective assistance of appellate counsel – that could have been raised in his previous petition. This petition is therefore successive and petitioner has not yet received permission from the

Court of Appeals to file it in the District Court.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate.  Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus*  be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Lafayette , Louisiana January 8, 2014.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**